BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWABS 2005-02, Plaintiff-Appellee
v.
MELITON BAGOYO BATAD, and DWAYNE CONRAD BATAD, Defendants-Appellants, and
DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII, Defendants-Appellees, and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, AND DOE GOVERNMENTAL UNITS 1-10, Defendants (CIVIL NO. 07-1-0919) and
MELITON BAGOYO BATAD, and DWAYNE CONRAD BATAD, Appellants-Appellants,
v.
BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWABS 2005-02 BY COUNTRYWIDE HOME LOANS, INC., a New York Corporation, As Attorney-in-Fact, COUNTRYWIDE HOME LOANS, INC., a New York Corporation, NAFETALAI FINAU and ANA MANU FINAU, husband and wife, Appellees-Appellees (CIVIL NO. 07-1-0934)
No. 29306
Intermediate Court of Appeals of Hawaii.
April 27, 2009.
On the briefs:
Francis T. O'Brien, for Defendants-Appellants and Appellants-Appellants, MELITON BAGOYO BATAD and DWAYNE CONRAD BATAD
Steven T. Iwamura, Robert M. Ehrhorn, Jr., Christian Fenton, (Clay Chapman Crumpton Iwamura & Pulice) for Plaintiff-Appellee and Appellees-Appellees BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWABS 2005-02 and COUNTRYWIDE HOME LOANS, INC.
Christopher J. Muzzi, Renee M. Furuta, (Moseley Biehl Tsugawa Lau & Muzzi LLLC), for Appellees NAFETALAI FINAU and ANA MANU FINAU

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Defendants-Counterelaimants-Appellants/Plaintiffs-Appellants Meliton Bagoyo Batad and Dwayne Conrad Batad (Batads) appeal the Judgment on Order Granting Appellees Nafetali Finau and Ana Manu Finau's (Finaus) Motion for Summary Judgment Or in the Alternative Motion to Dismiss Appeal filed on July 29, 2008 (Judgment), in the Circuit Court of the First Circuit (Circuit Court) for consolidated Civ. Nos. 07-1-0919 and 07-1-0934.[1]
On appeal, the Batads' sole contention is that the Circuit Court erred in granting summary judgment in favor of the Finaus by failing to hold that the foreclosure procedure followed in this case was defective in that it did not comply with Part II of Hawaii Revised Statutes (HRS) Chapter 667. The Batads admit "the trial court found that the procedure used complied with Part I of Chapter 667, and if Part I applies, that is a correct ruling."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Batads' point of error as follows:
Part II of HRS Chapter 667, entitled "Alternate Power of Sale Foreclosure Process," provides an alternative to the procedures specified in Part I of HRS Chapter 667. See HRS §° 667-5 and 667-21(a) ("The process in this part is an alternative power of sale process to the foreclosure by action and the foreclosure by power of sale in Part I."); Hse. Stand. Comm. Report No. 721-98 (1998) ("This measure will establish an additional method by which a lender can foreclose on a mortgage under a power of sale without filing a lawsuit."). Part I of HRS Chapter 667 was properly utilized to foreclose upon the subject property and the Batads' lender was not required to use Part II of HRS Chapter 667.
Therefore, the Circuit Court's July 29, 2008 Judgment is affirmed.
NOTES
[1] The Honorable Eden Elizabeth Hifo presided.